**In the Matter of: Candie Jill NELSON, Debtor,**

**Candie Jill Nelson, Appellant,**

v.

**David Burchard, Trustee, Trustee—Appellee.**

**No. 07–16837.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Candie Jill Nelson, Santa Rosa, CA, pro se.

Steven M. Olson, Esquirel, Law Office of Steven M. Olson, Santa Rosa, CA, for Trustee–Appellee.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Candie Jill Nelson appeals pro se from the judgment of the Bankruptcy Appellate

---

da law requires an "extraordinary" measure of proof. *Zunino*, 435 P.2d at 197.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Panel ("BAP") affirming the bankruptcy court's dismissal of her chapter 13 case because her plan was not proposed in good faith. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the decision of the BAP de novo, the bankruptcy court's finding of bad faith for clear error, and the dismissal for an abuse of discretion. *Leavitt v. Soto (In re Leavitt),* 171 F.3d 1219, 1222–23 (9th Cir.1999). We affirm.

A debtor's bad faith in filing a chapter 13 petition is cause for dismissal under 11 U.S.C. § 1307(c). *See id.* at 1224. The record supports the bankruptcy court's finding that Nelson filed in bad faith by misrepresenting claims in her petition, trying to manipulate the bankruptcy system to avoid a past waiver of discharge, and filing serial petitions to avoid state court litigation. *See id.* (describing the factors relevant for finding bad faith). Contrary to Nelson's contention, the bad faith finding does not depend on Nelson's decision not to amend her plan or the veracity of the allegations contained in the state court action. Accordingly, the bankruptcy court did not abuse its discretion by dismissing Nelson's chapter 13 case. *See id.* at 1226 (affirming dismissal where totality of the circumstances supported finding of bad faith).

**AFFIRMED.**

